IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RIKKI DYAN KNIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV–21–337–RAW–JAR |
| ) | |
| **KILO KIJAKAZI,** ) | |
| **Acting Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

### REPORT AND RECOMMENDATION

Plaintiff Rikki Dyan Knight (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's be **REVERSED** and the case **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

Claimant was fifty years old at the time of the administrative hearing. (Tr. 736). She possesses at least a high school education. (Tr. 712). She has worked as a licensed practical nurse and nursing home administrator. (Tr. 712). Claimant alleges that she has been unable to work since June 21, 2013, due to limitations resulting from psoriatic arthritis, hypertension, lumbar disc disease, obesity, diabetes, major depression, generalized anxiety with panic disorder, irritable bowel syndrome, anemia, migraine headaches, post-traumatic stress disorder (PTSD), and gastroesophageal reflux disease (GERD). (Tr. 702–703).

## Procedural History

On November 9, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After Claimant's first an administrative hearing, Administrative Law Judge Bernard Porter issued an unfavorable decision on June 20, 2013. On December 10, 2014, Claimant protectively filed a separate application for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an

3

administrative hearing, ALJ B.D. Crutchfield issued an unfavorable decision on January 13, 2017. The Appeals Council denied review, so the ALJ's written opinion was the Commissioner's final decision. *See* 20 C.F.R. § 416.1481. Claimant appealed the 2014 application to this Court. This Court found that the ALJ's opinion was not supported by substantial evidence and thus reversed and remanded the decision of the Commissioner for further proceedings on September 12, 2019. On remand ALJ Edward Starr ("ALJ") held additional hearings and subsequently issued an unfavorable decision on July 19, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to reach a proper RFC determination by improperly analyzing Claimant's need for sit/stand option, (2) failing to account for Claimant's limitations in concentration, persistence, and pace in his RFC determination, (3) failing to include functional limitation caused by Claimant's severe migraine headaches in the RFC, and (4) improperly adjudicating this case despite his lack of legal authority due to being

improperly appointed.

## RFC Determination

In his decision, the ALJ found Claimant suffered from severe impairments of psoriatic arthritis, hypertension, lumbar disc disease, obesity, diabetes, major depression, generalized anxiety with panic disorder, irritable bowel syndrome, anemia, migraine headaches, post-traumatic stress disorder (PTSD), and gastroesophageal reflux disease (GERD). (Tr. 702–703). He determined Claimant had the residual functional capacity to perform sedentary work with limitations. The ALJ found that the claimant can occasionally climb, balance, crawl, kneel, stoop and crouch. Claimant is limited to simple, routine, repetitive tasks and can respond to supervision that is simple, direct, and concrete. Further, the ALJ determined that Claimant can only occasionally interact with supervisors, coworkers, and the public. (Tr. 705).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of grinding machine operator, table worker, and addressing clerk. (Tr. 713). As a result, the ALJ concluded Claimant had not been under a disability at any time between June 21, 2013, the alleged onset date through December 31, 2014, the date last insured. (Tr. 713).

Claimant argues that the ALJ's finding on his capacity to sit are legally defective because the ALJ did not specifically analyze Claimant's ability to sit when he determined Claimant's RFC and when he consider the medical opinions. "[R]esidual functional capacity consists of those activities that a claimant can

still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. Rul. 96-8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id.* He must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

The ALJ limited Claimant to a sedentary RFC but did not address any need for the Claimant to shift positions or otherwise stand at will. Although sedentary is defined as a job "which involves sitting" but may include occasional walking and standing, required by some jobs, so long as all "other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Of the physician's opinions, the ALJ gave the greatest weight to Dr. John Marlar's consultative opinion discounting the consistent findings of three other physicians, including the opinion of Claimant's treating physician, Dr. Douglas Brown. Specifically, the ALJ failed to analyze

6

their opinion that Claimant required the ability to stand/walk and shift positions throughout the workday.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."[2] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or

---

[2] For claims filed on or before March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1527 and 416.927. As Claimant filed the pertinent application on December 10, 2014, this Court will apply the standards set forth in 20 C.F.R. §§ 404.1527 and 416.927.

contradict the opinion. *Id.* at 1300–01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." *Id.* "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins*, 350 F.3d at 1301 (quotations omitted). The ALJ's rejection of Dr. Brown's opinion on Claimant's functional limitations did not comply with the precepts of *Watkins*.

     Dr. Brown concluded that Claimant required periods of walking around during an eight-hour day as well as permission to shift positions "at will from sitting, standing or walking." (Tr. 649). This opinion was consistent with the opinions of both Dr. John Ellis and Dr. Subramaniam Krishnamurthi. Dr. Ellis found that Claimant could sit for three hours out of an eight-hour workday and stand for three hours out of an eight-hour workday. Similarly, Dr. Krishnamurthi opined that Claimant could sit for four hours out of an eight-hour workday and stand/walk for three hours out of an eight-hour workday. The ALJ's basis for not endorsing Dr. Brown's findings neglected to account for the consistency in the opinions of Dr. Ellis and Dr. Krishnamurthi in respect to Claimant's need to stand/walk as well as sit. The ALJ instead gave the greatest weight to Dr. Marlar who found that Claimant's "[p]hysical evaluation was unremarkable." (Tr. 434–436.)

Despite a previous remand from this Court to properly evaluate the opinion of Dr. Brown, the ALJ once again failed to properly consider the opinion of Claimant's treating physician, who was entitled to deference. On remand, the ALJ should reconsider Claimant's RFC in light of the opinions of Dr. Brown, Dr. Ellis, and Dr. Krishnamurthi. Given that this Court is reversing on the ALJ's improper RFC determination, it need not address the additional arguments at this time.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

**DATED** this 7th day of March, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**